## Griggs v. Krawitz

*David A. Martino*, for plaintiffs.
*Edwin Krawitz*, for defendant.

THOMSON, *J.*, November 14, 1979—The above-captioned matter is before us on submission of briefs by counsel on defendant's preliminary objections to plaintiffs' complaint, being one in trespass for alleged malpractice, or negligent representation of plaintiffs by defendant, an attorney, in a certain trespass action, filed to No. 529, May term, 1967.

Defendant's objections are two-fold: (1) that the complaint is without the requisite specificity to allow him to properly plead thereto; and (2) that the complaint is demurrable as it demonstrates on its face a violation of a non-waivable statute of limitations. We will consider first the motion for a more specific complaint.

Defendant objects that various allegations as to time are not set forth in a sufficiently specific manner, namely: (1) when defendant failed to prepare an amended complaint and generally committed other acts of negligence complained of; (2) when defendant failed to take certain depositions of various essential witnesses now dead or incapacitated, and when such witnesses died or became incapacitated; and (3) when plaintiffs requested defendant to turn over the file of the case to them.

As to the first of these objections, plaintiffs contend that these facts were of record in another action between the said parties. Perhaps so, but this is

not of record in this matter, and hence, we cannot consider such a proposition as true. However, we feel that requiring such dates to be pled would be to require the pleading of evidence. For this reason, we feel this objection must fall.

As to the other objections, although plaintiffs' complaint could have been drafted in a more clear and concise form, we read this pleading as alleging continuing violations which persist to the time of the filing of the complaint. Hence, it would be impossible to plead the dates of such transgressions with any more specificity than has already been done. The test of specificity is whether or not the complaint puts the defendant on notice of the facts which he has to refute: Line Lexington Lumber & Millwork Co., Inc. v. Pennsylvania Publishing Corp., 451 Pa. 154, 301 A. 2d 684 (1973). As we find that plaintiffs' complaint satisfies this rule's requirement, we will dismiss the motion for a more specific complaint as being devoid of merit.

Secondly, we are faced with the question of defendant's demurrer based on the bar of a non-waivable statute of limitations. Again, as we have read the complaint of plaintiffs to allege continuing trespasses on the part of defendant, we must conclude that, at least on the face of the complaint, it has not been established that claim is barred by the statute of limitations.

In light of the foregoing, we enter the following

## ORDER

And now, November 14, 1979, the preliminary objections of defendant are dismissed. Defendant is given 20 days from date to file an answer to plaintiffs' complaint.